# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL J. VANDENBERG,

    Defendant.

No. CR 05-1015-LRR

**ORDER**

## TABLE OF CONTENTS

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*  *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.* *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    *A. Testimony* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    *B. Objection* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## *I. INTRODUCTION*

The matter before the court is Defendant Michael J. Vandenberg's July 5, 2005, Objection[1] (docket no. 26) to the Report and Recommendation (docket no. 20) denying

---

[1] For purposes of this order, Defendant's "Response To Court Order Under Date Of June 27th, 2005" will be addressed as Defendant's "Renewed Objection" to the Report

(continued...)

Defendant's Motion to Suppress (docket no. 15). Defendant asserts that Chief Magistrate Judge John A. Jarvey's determination regarding Defendant's mental status is incorrect, and Defendant also maintains his diminished mental state caused his statements to law enforcement officers to be involuntary.

## II. PROCEDURAL BACKGROUND

On April 7, 2005, Defendant was charged in a two-count Indictment. Count 1 charges Defendant under 18 U.S.C. §§ 232(5), 844(e) and 844(j) with making a threat and maliciously conveying false information, knowing the same to be false, concerning an attempt to kill, injure, damage and destroy the persons and property of the Mesa, Arizona Police Department by means of explosives on or about May 23, 2003. Count 2 charges Defendant under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) with possessing and attempting to possess visual depictions of minors engaged in sexually explicit conduct, said visual depictions having been shipped and transported in interstate and foreign commerce in or about July 2003.

On May 19, 2005, Defendant filed a Motion to Suppress ("Motion") oral and written statements made by the Defendant on March 7, 2005. On May 26, 2005, the government filed a resistance to the Motion. On June 2, 2005, Judge Jarvey held a hearing on the Motion ("Hearing"). Defendant was personally present and represented by counsel Mark Brown. Assistant United States Attorney Ian Thornhill represented the government. On June 6, 2005, Judge Jarvey filed a Report and Recommendation ("Report and Recommendation") in which he recommends the denial of the Motion. On June 8, 2005, Defendant filed Formal Objections to the Report and Recommendation ("Objections"). On June 27, 2005, the court dismissed Defendant's Objections to the Report and

---

[1](...continued)
and Recommendation (docket no. 26).

Recommendation without prejudice based on Defendant's failure to file specific objections and request a transcript of the Hearing. On July 5, 2005, Defendant filed Renewed Objections. A transcript of the Hearing was filed on September 8, 2005 (docket no. 36). The court therefore finds these matters fully submitted and ready for decision.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of the report or recommendation to which the movant objects. 28 U.S.C. § 636(b)(1)*; see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant has made a specific, timely objection in this case. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1).

### IV. ANALYSIS

#### A. Testimony

In July of 2003, FBI Agent Travis Yarbrough received a telephone call from an FBI agent in Mesa, Arizona explaining that the Mesa Police Department had received a threat. Law enforcement officers in Arizona traced the threat to Defendant's residence that he shared with his parents in Dubuque, Iowa. Agent Yarbrough obtained a warrant to search the residence.

Agent Yarbrough testified that he interviewed Defendant while other agents executed the warrant. Agent Yarbrough explained that Defendant was not placed under arrest, therefore, he was not informed of his *Miranda* rights. During the conversation, which took place in Defendant's residence, Defendant informed Agent Yarbrough that, due

3

to a stroke five years earlier, he had "memory issues."

Initially, Defendant denied knowing anything about a threat mailed to the Mesa Police Department, even stating that he did not know that address. When Agent Yarbrough informed Defendant that the computers in his home would be seized and analyzed for evidence of this threat, Defendant stated that he had "lied" to Agent Yarbrough. Defendant confessed to Agent Yarbrough that he had sent mail to the Mesa Police Department using the name Jeff Lindsey, which was the name identified and provided by the Mesa Police Department. Defendant stated that he was attempting to incriminate Mr. Lindsey because Mr. Lindsey had sent Defendant "a lot of spam email." Defendant explained that he had used Mr. Lindsey's name on loan application forms and mailed the forms to the Mesa Police Department. Defendant did not, however, admit to making a threat.

During the course of this first interview and solely out of curiosity, Agent Yarbrough asked Defendant if he had any child pornography on his computer. Defendant stated that there was only adult pornography on his computer. Defendant was not taken into custody after this initial interview.

Agent Yarbrough testified that Defendant' computer was sent to Phoenix, Arizona for analysis, because the case belonged to that office. During the analysis, agents discovered child pornography on Defendant's computer, so Agent Yarbrough obtained a search warrant for the computer.

Based on the discovery of child pornography, on March 7, 2005, at approximately 2:30 p.m., Agent Yarbrough and Agent Jason Amorelli interviewed Defendant a second time at his Dubuque residence. Believing that it would be easier to talk to Defendant about child pornography without his parents and sister sitting next to him, Agent Yarbrough asked if there was somewhere that they could speak with Defendant in private. Defendant

4

suggested that they go to the basement. Defendant again explained to the agents that he had memory problems due to his stroke. Defendant, who appeared to be computer-literate, admitted to visiting group websites and looking at minor girls on the Internet. Agent Yarbrough showed Defendant approximately twenty pictures found on Defendant's computer, and Defendant identified and initialed four of the pictures, indicating that he recognized them. Defendant stated that he might have seen the other sixteen but was unable to specifically recall them. Defendant said that he wished to provide a written statement. He signed his complete statement at approximately 4:30 p.m.

## B. *Objection*

Defendant's sole objection to the Report and Recommendation involves Judge Jarvey's evaluation of Defendant's mental state.[2] Defendant states, "the court did not fully appreciate the extent of the Defendant's mental illness." In the Report and Recommendation, Judge Jarvey found that Defendant failed to present any evidence that he was so mentally impaired that his statements or confession to law enforcement officers would be rendered involuntary.

"To decide the voluntariness of a confession, [the court] examines the totality of the circumstances to determine whether pressure exerted by authorities overwhelmed the defendant's will." *United States v. Rodriguez-Hernandez*, 353 F.3d 632, 636 (8th Cir. 2003); *United States v. Martin*, 369 F.3d 1046, 1055 (8th Cir. 2004). Defendant does not allege that law enforcement officers coerced him into making a statement. Instead, Defendant asserts that due to his alleged mental deficiency, he was unable to provide

---

[2] In Defendant's Objections, he raised an additional claim that during his interrogation, he was not properly advised of his *Miranda* rights and was isolated from his family. On June 27, 2005, this court dismissed Defendant's Objections without prejudice. Because Defendant did not raise this issue in his Renewed Objections it is waived and not properly for before the court review.

officers with a voluntary statement. Although the mental ability of a defendant is a factor in evaluating the voluntariness of a statement, evidence of "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 164-67 (1986); *see also*, *United States v. Bartlett*, 856 F.2d 1071, 1085 (8th Cir. 1988). Considering the factors in totality, this court finds that Defendant's will was not overborne by law enforcement officers and, thus, there was nothing about Defendant's mental abilities which made his statement involuntary.

Defendant presented no evidence of police coercion during the course of Defendant's interview at his residence. In his written statement, Defendant specifically indicated that it was his idea to provide a statement. Although Defendant alleges in his Renewed Objections that his statement was not voluntary due to his mental disability, the only testimony at the Hearing concerning Defendant's mental state referenced a stroke that Defendant suffered approximately five years earlier. Agent Travis Yarbrough testified that he was aware of Defendant's stroke; however, the only problems that Defendant appeared to have were related to his memory. Agent Amorielli testified that at the beginning of Defendant's interview, Defendant explained that he had had a stroke and was having memory problems. Defendant requested that law enforcement agents "be quiet so that he could think" and not "lose his train of thought." Agent Amorielli stated that Defendant exhibited no other signs of any mental disability during the interview.

At the Hearing, Defendant presented an evaluation performed by Dr. Keith F. Gibson, a licensed psychologist. (Defendant's Exhibit 2-D). Dr. Gibson assessed Defendant's level of memory functioning to determine disability benefits that Defendant was entitled to receive. Dr. Gibson concluded that Defendant's "memory deficits significantly impair[ed] his capacity to remain adaptive and flexible in response to changes

6

in a work environment." Defendant presented no evidence of police coercion and no evidence that his memory lapses would have affected the voluntariness of his statements to law enforcement officers. Accordingly, Defendant's objection is overruled.

## V. CONCLUSION

**IT IS ORDERED:**

(1) The court **DENIES** Defendant Michael J. Vandenberg's Motion to Suppress (docket no. 15).

(2) The court **ADOPTS** Chief Magistrate Judge John A. Jarvey's June 6, 2005 Report and Recommendation (docket no. 20).

(3) The court **OVERRULES** Defendant Michael J. Vandenberg's Response to Court Order Under Date of June 27, 2005 (docket no. 26).

(4) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 12th day of October, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA